Julian A. Hertz, J.
This is a motion by the People to reopen the preliminary hearing on a charge of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 2).
On December 9, 1975, the People presented evidence against the defendant, relative to the mentioned complaint. Police Officer Philip Anzalone of the 40th Precinct, the arresting officer, testified in support of the complaint, referring to the subject incident which occurred on September 21, 1975, at 1:30 a.m. at East 149th Street and Courtlandt Avenue.
The officer stated that he arrived upon the scene of a three car accident at the stated time and place. He observed the defendant bleeding from the head, seated behind the wheel of one of the vehicles. He noted the odor of alcohol on the defendant’s breath, that his speech was slurred, incomprehensible and inaudible, and his eyes were glassy. Defendant was treated for his injuries at a hospital and arrested. No other testimony was offered at that time.
The matter was put over to January 15, 1976 for decision on the defendant’s motion to dismiss, in order to permit respective counsel an opportunity to research the law as to the adequacy of the proof. A second adjournment was arranged for January 29, 1976 because the Hearing Judge .had been reassigned. On that date, the People proposed to reopen the hearing for the purpose of presenting the testimony of an alleged eyewitness whose presence at the scene had not previously been indicated.
The issue to be decided is the propriety of granting permission to the People to reopen the hearing so that additional testimony might be heard. In order to decide that question, the court refers to the provisions of CPL 180.60 (subd 10). There the Legislature has directed that a hearing "be completed at one session”.
The Legislature added, however, that' "In the interest of justice, however, it may be adjourned by the court but, in the absence of a showing of good cause therefor, no such adjournment may be for more than one day.”
*37 It is noted that were the court to dismiss on the basis that its discretion would be improperly exercised if it were to reopen the hearing, the District Attorney could, nonetheless, bring the matter before the Grand Jury. The result, if the presentation warranted, would be a direction by the Grand Jury to the District Attorney to file a prosecutor’s information, which would, perforce, return the matter to the jurisdiction of the Criminal Court. Failure to allow reopening of the preliminary hearing would initiate a circuitous time consuming procedure that would hardly advance the cause of speedy justice to say nothing of the concomitant burdening of our courts (and specifically the Grand Jury) with proceedings of a misdemeanor nature.
It is further noted that the adjournment of this case was not at the behest of either party but for the court’s convenience to allow consideration of the law. The court concludes that the rights of the defendant are best preserved and the interests of justice best served by allowing further testimony to be presented upon reopening of the hearing.
Motion granted.